

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Mr. Latham:   Opinion No. O-6111

Re: The deadline date for certifica-
tion to the office of Secretary of
State of candidates, whose names are
to appear on the General Election
ballot.

We beg to acknowledge receipt of your request for an
opinion upon the above subject-matter, as follows:

"The General Election this year occurs on November
7, 1944.

"Article 3132, VACS 1925, provides that the chair-
man and secretary of the State convention 'shall forth-
with certify' all nominations of candidates at the pri-
mary elections to the Secretary of State.

"Article 3136 fixes the time for the meeting of
such State convention as '... the first Tuesday after
the third Monday after the fourth Saturday in August
...' which, this year, will be September 12, 1944.
(This date is in conflict with Article 3139, which in
turn is in conflict with Article 3137, but we are not
here concerned with these particular conflicts, and
Article 3136 is followed by the democratic party.)
Presumably, the certification of the nominees of the
democratic party will be made immediately after the
meeting of this convention.

"Article 3154 provides that political parties
who cast as many as 10,000 votes and less than 100,000
votes for Governor in the preceding general election
may nominate by either primary election or by conven-
tion. In the event such nominations are by convention,

Article 3157 provides for certification of such nominees to the Secretary of State, but is silent as to the time within which such certification is to be made.

"Article 3159 makes provision for non-partisan and independent candidates to have their names placed upon the general election ballot by application addressed to the Secretary of State and '... delivered to him within thirty days after primary election day...' Presumably, the phrase 'primary election day' refers to the second primary which falls this year on August 26th, and the thirty days thereafter allowed for the filing of independent candidates would be September 25, 1944.

"The Forty-Second Legislature passed an act known as Chapter 186, page 314, General Laws of 1931, which was codified as Articles 3079, 3079A, 3079B and 3089C, the last of which articles provides that the names of the candidates for President and Vice President shall be certified to the Secretary of State',.. at least twenty days prior to the election...' In an opinion dated September 26, 1932 and addressed to the then Secretary of State, Mrs. Jane Y. McCallum, the then Attorney General, Hon. James V. Allred, held this 1931 act to be void. In an opinion dated August 27, 1936, and addressed to the then Assistant Secretary of State, M. E. Sandlin, the then Attorney General, Hon. William McCraw, held the 1931 act valid, at least by implication, and gave full force and effect to its provisions.

"Article 2956 provides that absentee ballots shall be cast '... not more than twenty (20) days, nor less than three (3) days prior to the date of such an election. ...'

"Article 2925 makes it the duty of the Secretary of State 'at least thirty days before each general election . . .' to prescribe all forms necessary for the election and to furnish same to each county judge. This includes the furnishing of a sample ballot containing the names of nominees for all political parties and independent candidates. This duty would therefore have to be accomplished not later than October 8, 1944.

"All computations of time herein have been made under the general rule of excluding the first and including the last day of the period involved.

"The various conflicts in the above statutes are quite apparent. It would appear that in any event this office could not begin the preparation of the general election ballots until after September 25th, the deadline date for non-partisan and independent candidates as provided in Article 3159. We would then have from September 25th to October 8th to have the sample ballots printed and to furnish them to the county judges under Article 2925. In view of the labor shortage in most printing establishments this would certainly be the minimum time within which the ballots could be obtained from the printer. On the other hand, if the act of 1931 (Article 3079C) is valid, and if any political party availed itself of the full time allowed under this article for certifying its presidential candidates, the ballot would have to be held open by this office until October 18th which would preclude our complying with Article 2925. There would likewise be a hiatus between Article 3079C and the absentee voting law (Article 2956) as absentee voting should begin on the very day which would be the last day for certifying presidential candidates, but there will have been no time in which to have the ballots printed and furnished to the county judges, if it must be held open until the 20th day preceding the election as provided in Article 3079C. If this date is followed, considering the time that would be required for this office to have sample ballots printed and the time required for the counties to reproduce the ballot in sufficient quantities to meet their needs, there is no doubt but that the entire period provided for absentee voting will have expired before any ballots were available for distribution.

"Since no time limit is prescribed by Article 3157 for the certification of candidates of parties casting between 10,000 and 100,000 votes, and no specific time other than the word 'forthwith' is specified in Article 3138 with respect to political parties nominating at primary elections, it is presumed that the deadline for these two classes of political parties must be derived from some of the other statutory provisions herein mentioned.

"In the light of the above facts, will you please advise this office upon the following inquiries:

"1. What is the correct deadline filing date for certifications to this office of candidates whose names are to appear on the general election ballot, after which this office may proceed to have the sample ballots printed?

"2. Is the general rule of excluding the first and including the last day of the period involved applicable to the computation of the dates involved in this inquiry?

"3. Have we correctly computed the deadline dates of September 25th, October 8th and October 18th under the statutes above referred to?"

Under date of September 28, 1932, this Department rendered an opinion to the Secretary of State, Jane Y. McCallum, with respect to the precise matter involved in your inquiry.

In the course of that opinion, written by Homer C. DeWolfe, Assistant Attorney General, after a very careful review of the pertinent statutes, the following conclusion was announced:

"Since the general election is to be held this year on November 8th, and since there seems to be no reason why the certificate of the Secretary of State cannot be made at the present time, it is the writer's opinion, and you are so advised, that you should certify the names of the nominees for state office to the several county clerks of this state at the same time you make your certificate of nominees for district office, which is not later than October first, or at least within sufficient time to permit the county clerks of this state to perform their statutory duties as herein discussed, taking into consideration a reasonable time for the transmission of your certificate and the preparation by the county clerks of the ballot form and the time necessary to have said ballots printed, in

addition to the time required for the posting
of the names to be printed on said ballot,and
keeping in mind the fact that the ballots must
be prepared so as to permit absentee voting
twenty days before election day." -- Opinions At-
torney General (32-34) p. 257.

Mr. DeWolfe's opinion was considered and ap-
proved in conference.

- In Sterling v. Ferguson et al, 53 S. W. (2) 753,
the Supreme Court in a per curiam opinion, after quoting
the above paragraph from Mr. DeWolfe's opinion, said:

"This conclusion of the Attorney General
seems to be in fair accord with our own con-
ception of the law."

It appears the statutes are the same now they were
at the time of the rendition of these opinions, and the opin-
ions, therefore, are decisive of your question.

It will be noticed that the Supreme Court opinion
was rendered a few days after the DeWolfe opinion. The Mc-
Craw opinion mentioned by you as conflicting with the Allred
opinion as to the validity of Article 3079C had not then
been rendered.

So that, as the question now stands, it is ruled
by the Supreme Court decision, adopting and approving the
Attorney General's opinion, as hereinabove shown.

Moreover, Attorney General McCraw himself, through
Mr. R. E. Gray, his Assistant, has apparently, in effect,
held contrary to his opinion of August 27, 1936, referred to
by you, in the following respect:

"* * *. Therefore, you are advised that
after carefully construing the statutes at
large that all names should be certified be-
fore the date provided for in absentee voting.

"You are also advised that since it re-
quires a number of days to prepare the ballot
and the printing of same that a reasonable
amount of time should be taken into considera-
tion for that purpose, but in no instance
should the ballot not be printed and be in

the hands of the County Clerk prior to the
thirty days preceding the election." -- Book
393, p. 370.

What we have said, we think, constitutes an
answer to your several questions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR